[Crim. No. 16641. In Bank. July 10, 1973.]

In re MAXINE BROWN on Habeas Corpus.

**COUNSEL**

Thomas Kallay, under appointment by the Supreme Court, for Petitioner.

Joseph P. Busch, District Attorney, Harry Wood and Arnold T. Guminski, Deputy District Attorneys, for Respondent.

**OPINION**

**WRIGHT, C. J.**—The People were directed in response to petitioner's application for a writ of habeas corpus to show cause why the following orders should not be set aside: (1) order denying petitioner's motion to withdraw a plea of guilty to a charge of robbery; and (2) order granting probation. We conclude that the remedy sought by petitioner is unavailable and that, in any event, the trial court did not abuse its discretion in denying her request to withdraw her guilty plea duly entered pursuant to a plea bargain.

Petitioner was charged with robbery, the information further alleging that at the time thereof she was armed with a deadly weapon. (See Pen. Code, §§ 211, 211a, 3024, 12022.)[1] She pleaded not guilty. Two weeks

---

[1]Unless otherwise stated, all statutory references are to sections of the Penal Code.

later she appeared with counsel, personally waived all trial rights and protections (see *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]), withdrew her plea of not guilty and pleaded guilty to robbery in the second degree.[2]

Prior to entering her plea the court advised petitioner: "A plea bargain was entered into in this matter, which in substance was this: that if you plead guilty, the court would make this a felony; you would receive a maximum of six months in the County Jail from the date of the sentence; and if I felt that I could not do this, I would permit you to withdraw your plea. Do you understand?" Petitioner answered in the affirmative, and in response to a further inquiry stated that no other promises had been made to her.

At the probation and sentencing hearing four weeks later, before the court had indicated its disposition of the matter, petitioner moved to withdraw the guilty plea and proceed to trial by jury. Although the motion was summarily denied, the court indicated at the time of the ruling that it had read and considered the probation officer's report. Thereupon petitioner filed a written motion to relieve her appointed counsel. Counsel argued the motion in behalf of petitioner, stating that he had advised her to enter into the plea bargain; that "she believes she is not guilty of this offense"; that although counsel had informed her of the consequences of trial "she feels it is worth taking that risk . . . and does not wish to enter a plea to a charge which she is not guilty of and wants to take her chance with a jury trial."

The court, in denying the motion to relieve counsel but also addressing itself to the motion to withdraw the guilty plea, stated: "Well, this matter was plea bargained at the time and she was asked at that time if she was guilty and she said she was guilty. We very carefully took the plea, as I recall, and I see no good cause for setting the plea aside." Proceedings were suspended and petitioner was placed on probation without supervision for the period of one year on condition she serve six months in the county jail, after the service of which term probation was to be terminated.[3]

---

[2]A conflict in the reporter's and clerk's transcripts as to the degree of the crime to which petitioner pleaded has been resolved in favor of petitioner with the concurrence of the People.

[3]The terms of probation are more lenient than petitioner bargained for, as probation was ordered to terminate on the successful completion of the six-month jail term. County jail time was to commence on the date of the order, June 8, 1972, and it is

Petitioner, 13 days after the order, filed a timely declaration (see Cal. Rules of Court, rule 31(d)) seeking a certificate of probable cause for appeal. (§ 1237.5.)[4] Therein she alleged that she had been induced to change her plea from not guilty to guilty as the result of representations by her attorney of a likelihood that on trial she would be found guilty and receive a state prison sentence. She further alleged that she was in fact not guilty and had decided, following her change of plea, that she "could not in good conscience proceed with the plea bargain previously entered into . . . ." She also complained of the court's denial of her motion to relieve her attorney "because she felt that the attorney assigned to the case could no longer affirmatively proceed with regard to her best interests . . . ." She concluded that she had been "deprived of her liberty without due process of law and without the effective assistance of counsel." The court summarily denied the request for the certificate and petitioner sought relief by her instant application.

■ . A threshold issue is whether the writ lies for the instant relief sought by petitioner. Normally habeas corpus will not lie where the remedy of appeal exists. (*In re Lopez* (1970) 2 Cal.3d 141, 151 [84 Cal.Rptr. 361, 465 P.2d 257]; *In re Dixon* (1953) 41 Cal.2d 756, 760-761 [264 P.2d 513].) Section 1237.5 establishes the procedure for perfecting an appeal from a judgment based on a plea of guilty (*People* v. *Ribero* (1971) 4 Cal.3d 55, 63-64 [92 Cal.Rptr. 692, 480 P.2d 308]) or, as in this case, an appeal from an order granting probation after a plea of guilty. (See § 1237, subd. 1.) Issues reviewable on such an appeal include those raised by a claimed ineffectiveness of counsel (*People* v. *Natividad* (1963) 222 Cal.App.2d 438, 441 [35 Cal.Rptr. 237]), a plea obtained by a claimed misrepresentation (*People* v. *Butler* (1945) 70 Cal.App.2d 553, 561-563 [161 P.2d 401]), and any abuse of discretion in denying a motion to withdraw a plea of guilty (*People* v. *Francis* (1954) 42 Cal.2d 335, 338 [267 P.2d 8]). It thus appears that review of all issues suggested by

presumed that petitioner has by this time been fully discharged although the record does not so disclose. It does not appear that any finding was made with respect to the deadly weapon charge.

[4]Section 1237.5 provides: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, except where:

"(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and

"(b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

Rule 31(d) of California Rules of Court provides in pertinent part that the statement required by section 1237.5 "shall serve as a notice of appeal," but that "the appeal shall not be operative unless the trial court executes and files the certificate of probable cause required by that section."

petitioner was available under section 1237.5. For that reason an attack on the validity of the plea of guilty by way of a motion to withdraw the plea on the grounds asserted in the trial court did not afford petitioner a means by which she might avoid the requirements of section 1237.5. (See *People* v. *Ribero, supra,* 4 Cal.3d at pp. 63-64.)

Section 1237.5 is designed to preclude "frivolous appeals by requiring the defendant to set forth grounds for appeal and, if he does so, by requiring the trial court to rule on the issue of probable cause." (*Id.* at p. 62.)[5]  ██  Where a certificate of probable cause has been denied on the merits the remedy is to seek review of the propriety of the denial. On a timely application therefor, the writ of mandate lies. (See *People* v. *Warburton* (1970) 7 Cal.App.3d 815, 820, fn. 2 [86 Cal.Rptr. 894].) Only when it has been adjudged that probable cause for appeal exists and the certificate has issued, either because the trial court has affirmatively responded to a defendant's declaration of probable cause or because a proper court has reviewed a trial court's denial and mandated the issuance of the certificate, may appellate review of the trial court proceedings on the merits be had.[6]  ██  No reason appears which demonstrates any inadequacy of remedy or denial of any right such as would require that we ignore the clear legislative direction embodied in section 1237.5, and entertain a proceeding for the writ of habeas corpus which is in reality nothing more than an alternative appeal from the trial court's order granting probation. To entertain such proceedings would render without legal effect the provisions of section 1237.5 and frustrate its declared purpose of eliminating from appellate channels those appeals which are clearly "frivolous and vexatious."

In the instant case petitioner initiated proceedings pursuant to section 1237.5 but abandoned that channel of review when the trial court refused to issue its certificate. Petitioner cannot now by-pass reasonable and adequate procedures for challenging the propriety of the trial court's refusal to issue its certificate and have her appeal notwithstanding.

Even if we elect to treat petitioner's application for the writ of habeas corpus as a petition for a writ of mandate directing the issuance of the

---

[5] "[T]he test that must have been intended to apply is whether the appeal is clearly frivolous and vexatious or whether it involves an honest difference of opinion." (*People* v. *Ribero, supra,* 4 Cal.3d 55, 63, fn. 4.)

[6] We do not question the propriety of appellate review in other, unusual circumstances, as where without compliance with section 1237.5 the clerk prepares and the trial court certifies a record on appeal in circumstances where to have denied a certificate had an application therefor been made would have constituted an abuse of discretion. (See *People* v. *Warburton, supra,* 7 Cal.App.3d 815, 820.)

certificate, petitioner cannot prevail as her declaration clearly fails to demonstrate probable cause for appeal. If we construe the declaration as broadly as reason allows, it purports to have stated three grounds of appeal: (1) counsel's representations to petitioner wrongfully induced her to enter into the plea bargain; (2) counsel's representation of petitioner was such that he should have been relieved; and (3) the court abused its discretion, as a matter of law, when before sentencing it denied a motion to withdraw a guilty plea entered in reliance upon a plea bargain.

The declaration fails to allege and the record fails to disclose any wrongdoing in connection with the making or execution of the plea bargain. Petitioner alleges that counsel's representations induced her to enter into the plea bargain but she does not claim that such representations were false, fraudulent or ill-conceived in any manner. She next states that her attorney represented to her the terms of the plea bargain which he had arranged with the court and, it clearly appears, she in fact received the full benefit of such a bargain. She also alleges that her attorney advised of a likelihood that if she proceeded to trial she would be found guilty and receive a state prison sentence. There is nothing in the declaration or otherwise in the record which suggests that the attorney's advice was not sound and in petitioner's best interests. Petitioner cannot be heard to complain of a plea bargain induced by representations of her counsel, none of which is shown to be improper, where the bargain is fully complied with, on the part of the state.[7]

Petitioner's second ground for appeal is likewise without merit. In addition to the foregoing allegations concerning counsel's conduct, petitioner further alleged in her declaration that counsel argued in support of her motions to change her plea and to relieve counsel and that she felt, in view of her changed position as to her guilt, that counsel "could no longer affirmatively proceed with regard to her best interests."

The sum total of allegations regarding counsel's conduct fall far short of justifying a substitution of counsel (see *Drumgo* v. *Superior Court*

[7]We note that in writ of error *coram nobis* proceedings the fact that a defendant's counsel, as distinguished from some reliable public official, is guilty of misrepresentations in inducing a guilty plea does not necessarily constitute grounds for setting the plea and judgment thereon aside. (*People* v. *Wadkins* (1965) 63 Cal.2d 110, 113-114 [45 Cal.Rptr. 173, 403 P.2d 429]; *In re Nunez* (1965) 62 Cal.2d 234, 236 [42 Cal. Rptr. 6, 397 P.2d 998].) In such an instance, however, the defendant is seeking postjudgment relief of a collateral nature, whereas in the instant case the petitioner sought timely relief before judgment by a motion in the criminal proceedings. Misrepresentations of counsel in the inducement of a guilty plea would clearly be a proper matter for the court to consider in the exercise of its discretion on a motion to set aside the plea. Here, as stated, no misrepresentations were alleged nor appear of record.

(1973) 8 Cal.3d 930, 935 [106 Cal.Rptr. 631, 506 P.2d 1007]), if that is what petitioner sought, nor would they otherwise entitle her to relief on the ground that the representation provided was not adequate. (See *People* v. *Ibarra* (1963) 60 Cal.2d 460, 464-466 [34 Cal.Rptr. 863, 386 P.2d 487].) The conclusionary allegation that counsel could no longer represent petitioner's best interests is unsupported.

Finally, petitioner's third ground for appeal is also totally devoid of merit. Section 1018 provides that a trial court "must" allow the withdrawal of a guilty plea only in the case of a defendant who entered a guilty plea without counsel, and in other cases the court "may . . . for good cause shown, permit a plea of guilty to be withdrawn and a plea of not guilty substituted."[8] Although the section is to be liberally construed, "the withdrawal of such a plea rests in the sound discretion of the trial court and a denial may not be disturbed unless the trial court has abused its discretion." (*People* v. *Francis, supra,* 42 Cal.2d 335, 338.) An appellate court will not disturb the denial of a motion unless the abuse is clearly demonstrated. (*People* v. *McMillan* (1971) 15 Cal.App.3d 576, 581 [93 Cal.Rptr. 296]; *People* v. *Goldman* (1966) 245 Cal.App.2d 376, 380 [53 Cal.Rptr. 810].)

No abuse of discretion appears in the instant case. Although the court summarily denied the motion, indicating that it had read and considered the probation officer's report, such denial was warranted in view of the almost total lack of substantive grounds asserted in support of the motion. Such assertions, while belatedly protesting petitioner's innocence, did so only in a conclusionary manner.[9] There are no allegations of facts relating to any misconduct charged, no denials of wrongdoing on petitioner's part, no explanations of the circumstances which caused or influenced her upon reconsideration to conclude that her conduct did not constitute a violation of the crime charged and to elect to "take her chances with a jury trial." As the denial or granting of a motion to withdraw a guilty plea is a discretionary matter, the showing to be made in support of the motion must be one containing substantive matters upon which the trial court might

---

[8]Such relief, *if good cause is shown,* is available even if the plea was entered pursuant to a plea bargain.

[9]Petitioner hedged on the question of her guilt. In support of her motions at the probation and sentencing hearing she is reported to have stated that "she believes she is not guilty of this offense" and "feels, in truth and fact, she is absolutely not guilty." In her declaration for the certificate of probable cause she stated that she is "not guilty to the charge of robbery" apparently because she "does have [a] defense to that charge." She failed, however, to state what the defense might be and thereby precluded the court from evaluating her conclusionary allegation.

exercise its discretion and which a reviewing court might thereafter determine whether such discretion has been properly exercised. (See *In re Swain* (1949) 34 Cal.2d 300, 302 [209 P.2d 793].) It is not enough that a defendant assert that she has changed her mind as to the most expeditious course to follow. When, as here, the trial court denies a motion to withdraw a plea on such a bare assertion, no abuse of discretion appears. Our decision today is fully in accord with the standards relating to pleas of guilty and the withdrawal of such pleas as delineated by the American Bar Association's projection on minimum standards for criminal justice. (See American Bar Association's Standards Relating to Pleas of Guilty (approved draft, 1968) as implemented by the association's Rules Relating to Pleas of Guilty (revised draft, 1972).)[10]

As the grounds asserted as probable cause for appeal were at best frivolous and vexatious the certificate was properly withheld. The order to show cause is discharged and the writ denied.

McComb, J., Tobriner, J., Mosk, J., Burke, J., Sullivan, J., and Clark, J., concurred.

---

[10]In the Standards Relating to Pleas of Guilty it is stated that a defendant should be permitted to withdraw a guilty plea "whenever the defendant . . . proves that withdrawal is necessary to correct a manifest injustice." (*Id.*, pt. II (Plea Withdrawal) § 2.1, p. 52.) Such proof is satisfied when the defendant establishes, as here pertinent, that he was denied "the effective assistance of counsel," or defendant "did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose those concessions as promised in the plea agreement." (*Id.* at p. 53.) It is further provided that "In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty . . . as a matter of right once the plea has been accepted by the court. Before sentence, the court *in its discretion* may allow the defendant to withdraw his plea for any fair and just reason. . . ." (*Id.*; italics added.)

In the Rules Relating to Pleas of Guilty only the following is suggested as a further ground requiring the withdrawal of a plea of guilty: "[D]efendant did not receive the charge or sentence concessions contemplated by a plea agreement in which the trial judge had indicated his concurrence . . . ." (*Id.*, pt. III (Plea Withdrawal) § 3.1, pp. 16-18.)

In accordance with the discussions in the body of the opinion, it is manifest that the grounds for mandatory withdrawal of the plea (lack of effective assistance of counsel and breach of plea bargain) are totally lacking, and in view of defendant's failure to demonstrate "any fair and just reason" for withdrawal, no abuse of discretion can be charged under the association's rules.