[No. G003362. Fourth Dist., Div. Three. Oct. 7, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
STANLEY BRUCE EVERETT, Defendant and Appellant.

[No. G004184. Fourth Dist., Div. Three. Oct. 7, 1986.]

STANLEY BRUCE EVERETT, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

David Hazelkorn, under appointment by the Court of Appeal, for Defendant and Appellant and Petitioner.

John K. Van de Kamp, Attorney General, Frederick R. Millar, Jr., John W. Carney and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent and Real Party in Interest.

No appearance for Respondent Court.

## OPINION

**SONENSHINE, J.**—As part of a plea bargain, Stanley Everett pleaded guilty to felony and misdemeanor sex offenses involving his stepdaughters. He was sentenced to six years in prison, but contends the court erred in not considering mitigating factors before imposing the midterm sentence and his attorney's failings at the sentencing hearing denied him the effective assistance of counsel. He raises two other issues which arose before he entered his pleas: He contends (1) his attorney's advice to plead guilty without first exploring his eligibility for diversion denied him the effective assistance of counsel; and (2) the court erred in accepting his plea without first advising him he was waiving the majority of his appeal rights. The Attorney General argues the latter two issues are not cognizable on appeal without a certificate of probable cause. Although Everett recently applied for such a certificate, the trial court denied his request and he has sought mandate relief from this court.

I

Everett was arrested after the police learned he had been molesting his three stepdaughters for more than ten years. Prior to any preliminary examination, he pleaded guilty to two misdemeanors and six felonies. It was agreed he could apply for probation after submitting to a 90-day diagnostic study (Pen. Code, § 1203.03), but would receive a sentence not to exceed 6 years if probation were denied. Despite the severity of the offenses and Everett's lengthy prior criminal record, the diagnostic report recommended probation. However, Everett's intervening contact with the victims, in violation of court orders, substantiated the trial court's belief he was a poor candidate for probation. The court imposed the midterm sentence of six years and Everett appealed.

Trial counsel executed a notice of appeal on Everett's behalf and new counsel was appointed on appeal. The notice of appeal purported to challenge only the sentence or other matters occurring after the guilty plea. However, Everett's opening brief also attacked the plea itself and challenged the

effectiveness of trial counsel's representation in recommending the plea bargain.

The Attorney General appropriately responded by asserting those issues should not be considered because Everett had failed to obtain a certificate of probable cause from the trial court. (Pen. Code, § 1237.5; Cal. Rules of Court, rule 31(d).) Thereafter, Everett applied for a certificate, asserting his desire to raise "constitutional and other grounds which the Defendant believes go to the legality of the proceedings." He described those grounds in the barest of terms: "These are the ineffective assistance of his trial counsel and a failure of both the Municipal [*sic*] and Superior Courts to inform him of the full consequences of his guilty plea."

The superior court summarily denied the application for certificate of probable cause. Everett's petition for mandate relief from that order has been consolidated with the direct appeal. We issued an alternative writ and requested the Attorney General address several specific questions in its response: (1) the legal adequacy of petitioner's application for a certificate of probable cause; (2) the effect, if any, of the application's untimeliness; (3) what record, if any, the trial court should review in acting on the application; (4) the procedure for determining whether an issue is "clearly frivolous;" and (5) the appropriate standard for reviewing an order denying an application for a certificate of probable cause.

## II

We discern considerable confusion among counsel and our trial courts regarding appeals after guilty pleas. ■ As this court recently explained in *People* v. *Bonwit* (1985) 173 Cal.App.3d 828 [219 Cal.Rptr. 297], a guilty plea "'admits all matters essential to the conviction'" and therefore waives appellate review of most preplea issues. (*Id.*, at p. 832, quoting from *People* v. *DeVaughn* (1977) 18 Cal.3d 889, 895 [135 Cal.Rptr. 786, 558 P.2d 872].) Only "'constitutional, jurisdictional, or other grounds going to the legality of the proceedings'" are preserved, because a plea of guilty is not inconsistent with that type of asserted error. (*People* v. *Bonwit, supra,* 173 Cal.App.3d at p. 832.)[1]

Within this framework, another appellate court recently reiterated what is and is not waived by an admission of guilt. *People* v. *Turner* (1985) 171 Cal.App.3d 116 [214 Cal.Rptr. 572] contains a thorough review of the case

---

[1]We recognize, of course, there is an express statutory rule which authorizes an appeal of search and seizure questions following a guilty plea. (Pen. Code, § 1538.5, subd. (m); *People* v. *Lilienthal* (1978) 22 Cal.3d 891 [150 Cal.Rptr. 910, 587 P.2d 706].)

law and lists numerous specific examples. (*Id.*, at p. 127.) The rule bears repeating: Following a guilty plea "[a] defendant thereafter can raise only those questions which go to the power of the state to try him despite his guilt." (*Id.*, at p. 126.)

## III

■ First, we consider the appealability of Everett's claim he was denied the effective assistance of counsel before he entered his guilty pleas. Competency of counsel issues usually involve factual questions which are more appropriately raised in a petition for writ of habeas corpus. Such claims are cognizable on appeal where there is an adequate record for review. (*People v. Pope* (1979) 23 Cal.3d 412, 425-426 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].) Here, there is an adequate record to review the specific complaint. Everett's guilty pleas did not waive the complaint. It survives the pleas: Attacks on the competence of counsel are not inconsistent with guilt. (*In re Brown* (1973) 9 Cal.3d 679, 682 [108 Cal.Rptr. 801, 511 P.2d 1153]; *People v. Ribero* (1971) 4 Cal.3d 55, 63 [92 Cal.Rptr. 692, 480 P.2d 308].)

Similarly, Everett's complaint the court erred in failing to advise him his guilty plea waived most of his appellate rights also survives the plea and is cognizable on appeal. (See, e.g., *People v. Brown* (1971) 18 Cal.App.3d 1052, 1055 [96 Cal.Rptr. 476].) However, the alleged defect attacks the plea itself and the advice preceding the plea. A certificate of probable cause is required.

## IV

■ Next, we address Everett's failure to obtain a certificate of probable cause from the trial court. Although he applied for the certificate, the trial court summarily denied his request. ■ Review of that order is properly raised by a petition for writ of mandate to this court. (*In re Brown, supra,* 9 Cal.3d 679, 683.) ■ Preliminarily, although we know his application for a certificate of probable cause was denied, we do not know why.

California Rules of Court, rule 31(d) requires the application for certificate of probable cause be filed with the trial court within 60 days of judgment. Everett's application was not timely filed; he did not seek the certificate until after the respondent's brief was filed in this court. Appellate counsel asserts his untimeliness is excusable because Everett was acting in pro. per. at the time he filed his notice of appeal and was unaware of the requirements to perfect his appeal. Counsel is mistaken. The notice of appeal was signed by Everett's trial attorney. And in any event, it was trial counsel's respon-

sibility to explain to Everett how to perfect his appeal. (*People* v. *Ribero, supra,* 4 Cal.3d at p. 65.)

Untimeliness does support a trial court's denial of an application for a certificate of probable cause. Nevertheless, this court would ordinarily grant relief. Otherwise, we would face the "'inevitable collateral attack on the basis of inadequacy of counsel for not securing a certificate of probable cause . . . .' [Citation.]" (*People* v. *Tirado* (1984) 151 Cal.App.3d 341, 348 [198 Cal.Rptr. 682].) We are more concerned with substantive denials of such applications.[2]

Penal Code section 1237.5 requires the defendant file "with the trial court a written statement, executed under oath or penalty of perjury showing [the grounds] going to the legality of the proceedings; . . ." (See also Cal. Rules of Court, rule 31(d).) While Everett filed a "Motion for Certificate of Probable Cause," it was not executed under oath nor penalty of perjury. Again, however, we are reluctant to impute counsel's failings—this time, appellate counsel's—to Everett.

## V

■ That leads to the next question: Is the application substantively correct in asserting Everett is entitled *to* a certificate of probable cause? We think not.

*In re Brown, supra,* 9 Cal.3d 679 is instructive. Brown pleaded guilty but changed her mind. She was unsuccessful in her efforts to withdraw her plea in the trial court. Her request for a certificate of probable cause was denied. Thereafter, she petitioned for a writ of habeas corpus and failed to seek a writ of mandate compelling the superior court to issue the probable cause certificate.

The *Brown* court concluded habeas corpus relief was inappropriate. The court also considered treating the petition as one seeking mandate. (*In re Brown, supra,* 9 Cal.3d at pp. 683-684.) However, that option was rejected because "petitioner cannot prevail as her declaration clearly fails to demonstrate probable cause for appeal." (*Id.,* at p. 684.) The court found Brown's proposed appellate issues "were at best frivolous and vexatious"

---

[2]Penal Code section 1237.5 mandates dismissal when a certificate of probable cause is required but not obtained. But many appellate courts have ignored that mandate, "in the interest of judicial economy." (See, e.g., *People* v. *Tirado, supra,* 151 Cal.App.3d at p. 348.) We urge the Legislature to reconsider it. The statute, as written, is clearly unsuccessful in weeding out frivolous appeals. Indeed, our appellate courts have spent more time on certificates of probable cause than on the merits of the real issues.

and concluded the certificate of probable cause was properly withheld. (*Id.,* at p. 686.) The same analysis applies here.

The application filed by Everett's counsel stated "[t]he appeal is based, in part, on constitutional and other grounds which the Defendant believes go to the legality of the proceedings. These are the ineffective assistance of his trial counsel and a failure of both the Municipal [*sic*] and Superior Courts to inform him of the full consequences of his guilty plea. [¶] To the best of the knowledge, information, and belief of both Defendant and his appellate counsel, formed after reasonable inquiry, the above appellate arguments are well grounded in fact and are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law."

This bare-bones language fails to demonstrate probable cause for the appeal of issues occurring prior to plea or at the time of the plea. Neither this court nor the trial court can discern from the application whether the certificate should be issued because the conclusionary terms of the application give little clue as to the identity of Everett's appellate complaints. Thus, the trial court was correct in refusing to issue a certificate of probable cause.

## VI

Even assuming the trial court was able to read between the lines and discern the issues Everett sought to raise, there was no abuse of discretion in refusing to issue the certificate of probable cause. We, of course, learn the details of Everett's complaints from the briefs filed in this court.

Specifically, Everett contends counsel was ineffective in recommending the plea bargain before exploring diversion. Diversion from the criminal justice system is available to certain first-time offenders, under limited circumstances. (Pen. Code, § 1000.12.) Everett was not eligible for consideration, however, because he had previously been convicted of rape. Penal Code section 1000.13, subdivision (4), specifically provides potential divertees have "no prior conviction for any felony sexual offense . . . ." That same subdivision prohibits diversion for anyone convicted, within the previous 10 years, of any felony involving violence against another person. However, Everett reads the section incorrectly when he asserts the 10-year limitation also applies to prior felony sex offenses. *Any* prior felony sex offense precludes his consideration for diversion. Thus, counsel was not ineffective in failing to seek diversion for Everett.

Everett attacks the plea itself by asserting the trial court was required to advise him his plea would bar most appellate issues. California Rules of

Court, rule 250, requires the court advise the defendant of his certain appeal rights. But that rule is limited to judgments "upon conviction after trial, or after imposing sentence following a revocation of probation, except where the revocation is after the defendant's admission of violation of probation . . . ." No such advisement is required following a guilty plea. Nor is there any authority to support Everett's contention the court was required to advise him his plea was effectively waiving appellate rights. There is nothing to suggest Everett was told he could appeal issues which were waived by his admission of guilt. While the court did advise him any notice of appeal had to be filed within 60 days, he was not required to tell him very little was left to appeal.

## VII

■ The only questions remaining are Everett's complaints about his sentence. He contends the court erred in failing to give proper consideration to mitigating factors and faults trial counsel for not presenting any statement or evidence in mitigation. His biggest complaint lies in the failure of the trial court to grant probation. The opening brief phrases the question as failing to consider the "psychological aspects" of his case. Everett chastises the court and counsel for refusing to view his incest as a family problem, for which he cannot be entirely to blame. His attempt to introduce new evidence at this level is entirely inappropriate.

Moreover, the record demonstrates he was provided the full constitutional protection of adequate counsel at sentencing. Indeed, the plea bargain itself was an admirable feat. Cases of this hue routinely result in sentences embracing decades. We are unsympathetic to Everett's complaint six years was too severe. Indeed, the record would amply support a conclusion aggravating circumstances outweighed mitigating circumstances. Unfortunately, the trial court was limited to the midterm. There was no error.

Petition for writ of mandate denied. Judgment affirmed.

Crosby, Acting P. J., and Wallin, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 21, 1987.