[No. D009731. Fourth Dist., Div. One. Oct. 17, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD IVESTER, Defendant and Appellant.

[No. D013585. Fourth Dist., Div. One. Oct. 17, 1991.]

In re DONALD IVESTER on Habeas Corpus.

**COUNSEL**

Robert Wayne Gehring, under appointment by the Court of Appeal, for Defendant and Appellant and Petitioner.

Daniel E. Lungren, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Janelle

B. Davis and John T. Swan, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WIENER, Acting P. J.**—Defendant Donald Ivester agreed to plead guilty to unlawfully manufacturing methamphetamine in excess of one pound (Health & Saf. Code, § 11379.6, subd. (a)) and endangering a child (Pen. Code, § 273a)[1] in exchange for the district attorney dismissing two additional felonies with which he was charged. In this appeal from the judgment he contends his guilty pleas were unknowingly and involuntarily made. In his consolidated petition for writ of habeas corpus he seeks relief on a similar ground asserting his pleas were induced by his counsel's inaccurate statement that the appellate court would review his unsuccessful motion to disclose the identity of the confidential informant. Although Ivester has failed to file the statement required by section 1237.5,[2] we nonetheless examine his appellate arguments to determine whether he was deprived of the effective assistance of counsel. In doing so we conclude defense counsel was deficient in failing to file the statement, but decide counsel's oversight did not actually prejudice Ivester. We therefore affirm the judgment. We also deny his petition for writ of habeas corpus.

---

[1]Unless otherwise specified, all statutory references are to the Penal Code.

[2]Section 1237.5 provides in part: "No appeal shall be taken by a defendant from a judgment of conviction upon a plea of guilty . . . except where the defendant has filed as part of the notice of appeal a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings." (The wording of this section has been in effect since January 1, 1989, and is to remain in effect until December 31, 1991.)

California Rules of Court, rule 31(d) reiterates section 1237.5's requirement of a statement: "If a judgment of conviction is entered upon a plea of guilty or nolo contendere, the defendant shall file with the notice of appeal the statement required by section 1237.5 of the Penal Code.

"If the appeal from a judgment of conviction entered upon a plea of guilty or nolo contendere is based solely upon grounds (1) occurring after entry of the plea which do not challenge its validity or (2) involving a search or seizure, the validity of which was contested pursuant to section 1538.5 of the Penal Code, the provisions of section 1237.5 of the Penal Code requiring a statement by the defendant are inapplicable, but the appeal shall not be operative unless the notice of appeal states that it is based upon such grounds. [¶] The time for preparing, certifying and filing the record on appeal or for filing an agreed statement shall begin when the appeal becomes operative."

## THE APPEAL

Ivester's opening brief contains three separate arguments why we must reverse his conviction of manufacturing methamphetamine: (1) the court prejudicially erred in failing to adequately inquire into the factual basis for his plea as required by section 1192.5[3]; (2) he did not knowingly enter his plea because he lacked an understanding of the elements of the offense to which he was pleading guilty; and (3) his guilty plea was involuntarily made and in violation of his right to due process because the court failed to advise him of all the plea's penal consequences. The Attorney General responds by telling us that we may not consider these arguments because Ivester failed to include the grounds for his contentions on the written statement required by section 1237.5.

## SECTION 1237.5 IS CONSTITUTIONAL

■ Initially Ivester asks us to ignore section 1237.5's requirement on the ground the statute is unconstitutional denying him due process and equal protection of the laws under our state and federal constitutions. Ivester reasons as follows.

He says the substantial lag between trial counsel's filing a notice of appeal and the later appointment of appellate counsel after the filing of the appellate record creates a probability the certificate required by section 1237.5 will be incomplete thereby denying a defendant effective appellate review. Ivester's argument is predicated on his assumption that a similar situation does not arise where the defendant has retained counsel who can more readily determine the grounds for appeal and prepare a complete certificate in a timely manner. Ivester contends this disparity is further exacerbated for the indigent appellant where the appellate court, as it did here, denies appointed counsel's later motion to amend the certificate to state grounds omitted by trial counsel or by the defendant acting in propria persona.

As sensitive as we are to the professional difficulties confronting appointed appellate counsel, these difficulties do not render section 1237.5

---

[3]In making this argument we assume Ivester is simply mistaken or has made a typographical error in referring to section 1192.6. Section 1192.5 requires that in a plea bargain the court "shall . . . cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for such plea." Section 1192.6 provides that where felony charges are dismissed the record must contain a statement explaining the reasons for the dismissal. While we understand why the court's failure to comply with the former provision can result in a reversal, we can think of no basis for reversal in a defendant's appeal when the latter section is violated. Although the public may have legitimate complaints regarding the unwarranted and inexplicable dismissal of criminal charges we hardly think the defendant, the beneficiary of such dismissed charges, has any reason to gripe.

unconstitutional. Among our reasons for this conclusion is our unwillingness to assume in every case the section 1237.5 certificate will be incomplete. Lacking any evidence on this issue we are more inclined to draw on our experience and conclude otherwise. We think that a complete statement is probably the rule and the incomplete one the exception. The appellate court's denial of a request to amend the incomplete statement before briefing is also the exception rather than the rule. Generally the appellate court grants relief in such situations to avoid the precise dilemma posed by this case and to permit the full and complete appellate review of all errors to which a defendant is constitutionally entitled. The fact that there may be exceptions to these general rules is not a sufficient basis for us to declare section 1237.5 unconstitutional.[4]

## THE DETERMINATION OF COUNSEL'S EFFECTIVENESS FROM THE APPELLATE RECORD PERMITS REVIEW

### I

Ivester's alternative argument is that even if section 1237.5 is valid, we must nonetheless consider the substance of his appellate contentions to determine *whether* his counsel was ineffective in failing to prepare and file the requisite statement. Although we agree with his argument we are somewhat surprised to find this narrow procedural issue has spawned, and continues to spawn, considerable debate reflecting diverse appellate views on this issue.[5] We say this because the issue involves only *when* the appellate court will review certain issues following a guilty plea and not whether they

---

[4]Earlier *People* v. *Ribero* (1971) 4 Cal.3d 55 [92 Cal.Rptr. 692, 480 P.2d 308] held section 1237.5 constitutional in the face of a due process challenge. In *Ribero* the defendant argued that to allow a trial judge to determine "probable cause" as required by section 1237.5, allowed the trial court to review its own rulings. In rejecting this argument *Ribero* explained the test to be applied by the trial court was whether the appeal was clearly frivolous and vexatious and not whether there was probable ground for reversal of the judgment. (At p. 63, fn. 4.)

[5]The substantial number of cases set out below (see fns. 6 and 7, *post*) reflect the judicial dialogue on this issue. In addition, other branches of government have considered the wisdom of continuing with the screening provided by section 1237.5. Most recently the Legislature passed the State Bar-sponsored Assembly Bill No. 579 to delete the sunset provision of section 1237.5. Governor Wilson vetoed the bill on October 9, 1991. The correctness of these governmental acts is, of course, properly within the purview of those branches charged with the responsibility of determining the pertinent facts and weighing the costs and/or benefits of legislative change. We therefore eschew commenting whether the present statute, its predecessor or none at all serves the administration of justice. (Cf. *People* v. *Guzman* (1991) 226 Cal.App.3d 1060, mod. 228 Cal.App.3d 684a [277 Cal.Rptr. 286], urging the Legislature to allow the current version of section 1237.5 to expire as now scheduled and be replaced by the language of the older version (at p. 1065, fn. 3); *People* v. *Everett* (1986) 186 Cal.App.3d 274 [230 Cal.Rptr. 604], requesting the Legislature to reconsider section 1237.5 stating that the statute as written is clearly unsuccessful in weeding out frivolous appeals (at p. 280, fn. 2).)

are subject to review. In any event some appellate courts committed to a literal interpretation of the statute dismiss appeals which seek review of issues which require the section 1237.5 certificate/statement.[6] Other courts emphasizing the combined effect of the defendant's right to effective assistance of counsel and judicial economy reach the merits of the defendant's contentions.[7] In the circumstances of this case, we join the latter group.[8]

## II

 Fundamental to our system of criminal justice is the defendant's constitutional right to the effective assistance of counsel at all stages of the proceedings. (See *Strickland* v. *Washington* (1984) 466 U.S. 668, 684-685 [80 L.Ed.2d 674, 691-692, 104 S.Ct. 2052].) California has played an important part in the definition of these rights. In *Douglas* v. *California* (1963) 372 U.S. 353 [9 L.Ed.2d 811, 83 S.Ct. 814], holding unconstitutional the then-California practice of having the intermediate appellate court go through the trial court record to determine whether any good could be served by appointment of counsel on appeal, the United States Supreme Court stressed that all defendants, rich and poor, are entitled to the benefit "of counsel's examination into the record, research of the law, and marshalling of arguments on his behalf. . . ." (*Id.* at p. 358.) A few years later in *Anders* v. *California* (1967) 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396], overturning California's procedure which had allowed appointed appellate counsel to withdraw from the appeal by merely filing a no-merit letter, the high court made clear that appointed appellate counsel must protect the rights of indigent defendants to due process and equal protection and that effective appellate representation required *active*, not passive advocacy on the client's behalf. (*In re Smith* (1970) 3 Cal.3d 192, 197 [90 Cal.Rptr. 1, 474 P.2d 969] citing *Anders* at pp. 743, 744 [18 L.Ed.2d at pp. 497, 498].)

---

[6]*People* v. *Pinon* (1979) 96 Cal.App.3d 904 [158 Cal.Rptr. 425]; *In re Chadwick C.* (1982) 137 Cal.App.3d 173 [186 Cal.Rptr. 827]; *People* v. *Patterson* (1984) 151 Cal.App.3d 252 [198 Cal.Rptr. 585]; *People* v. *Ballard* (1985) 174 Cal.App.3d 982 [220 Cal.Rptr. 323]; *People* v. *Guzman, supra,* 226 Cal.App.3d 1060.

[7]*People* v. *Young* (1991) 228 Cal.App.3d 171, 179 [278 Cal.Rptr. 784]; *People* v. *Everett, supra,* 186 Cal.App.3d 274; *People* v. *Arwood* (1985) 165 Cal.App.3d 167 [211 Cal.Rptr. 307]; *People* v. *Powers* (1984) 151 Cal.App.3d 905 [199 Cal.Rptr. 142]; *People* v. *Tirado* (1984) 151 Cal.App.3d 341, 348 [198 Cal.Rptr. 682]; *People* v. *Jerome* (1984) 160 Cal.App.3d 1087, 1095 [207 Cal.Rptr. 199]; *People* v. *Caban* (1983) 148 Cal.App.3d 706, 708 [196 Cal.Rptr. 177]; *People* v. *Chavez* (1981) 124 Cal.App.3d 215, 219-220 [177 Cal.Rptr. 306]; *People* v. *Barlow* (1980) 103 Cal.App.3d 351, 365 [163 Cal.Rptr. 664]; *People* v. *Williams* (1980) 103 Cal.App.3d 507 [163 Cal.Rptr. 169]; *People* v. *Santos* (1976) 60 Cal.App.3d 372 [131 Cal.Rptr. 426]; *People* v. *Vest* (1974) 43 Cal.App.3d 728, 731-732 [118 Cal.Rptr. 84]; *People* v. *Chen* (1974) 37 Cal.App.3d 1046, 1048 [112 Cal.Rptr. 894].

[8]In reaching this decision we are well aware of *People* v. *Guzman, supra,* 226 Cal.App.3d 1060. However, because *Guzman* neither analyzed nor considered the issue of ineffective assistance of counsel in the context of counsel's failure to file the statement required by section 1237.5, we are not required to follow it. (Compare *People* v. *Tirado, supra,* 151 Cal.App.3d 341.)

■ We therefore cannot overlook Ivester's constitutional right to effective counsel in the appellate process in resolving the procedural question presented. ■ Such a claim may be cognizable on appeal without the necessity of a section 1237.5 statement since it focuses on matters occurring after entry of the plea. (See Cal. Rules of Court, rule 31(d).) If, by neglecting to provide the required statement, counsel failed to reasonably protect Ivester's appellate rights, an appellate court may not simply dismiss the appeal without inquiring further to determine whether counsel's effectiveness can be examined in the appeal itself. If it can, there is no need for a separate habeas corpus petition. (*People* v. *Pope* (1979) 23 Cal.3d 412, 425-426 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].)

The record certainly contains the initial predicate for our inquiry. ■ Absent a statement showing reasonable constitutional, jurisdictional or other grounds going to the legality of the proceedings we are foreclosed by section 1237.5 from considering the arguments in Ivester's appellate brief. In such circumstances where the statement is the sine qua non for appellate review the responsibility for its filing or assisting his client in doing so rested with Ivester's trial counsel. (*People* v. *Santos*, *supra*, 60 Cal.App.3d 372, 376-377, citing *People* v. *Davis* (1967) 255 Cal.App.2d 907, 909 [64 Cal.Rptr. 1]; see also *People* v. *Ribero*, *supra*, 4 Cal.3d 55, at p. 65, fn. 6.) In failing to do so where he personally signed the notice of appeal Ivester's lawyer breached the duty he owed to his client. Whether that breach prejudiced Ivester is a separate question, but one which we must answer. (*Strickland* v. *Washington*, *supra*, 466 U.S. 668, 691-696 [80 L.Ed.2d 674, 695-699].)

■ The holdings in those cases noted earlier (fn. 6, *ante*) which dismiss appeals lacking the requisite certificate/statement do not preclude appellate court review in a petition for writ of habeas corpus questioning the effectiveness of counsel. For example, *People* v. *Pinon*, *supra*, 96 Cal.App.3d 904, which made clear the purposes underlying section 1237.5 would be implemented only if there were compliance with its procedures, implicitly invited a habeas corpus petition pointing out "there is nothing in the record before us to indicate that defendant sought to procure a certificate of probable cause or that he informed counsel that he wished to attack on appeal the validity of his guilty plea." (96 Cal.App.3d at p. 909.) *Pinon* in effect told counsel how to plead the habeas corpus petition. Another illustration is *People* v. *Ballard*, *supra*, 174 Cal.App.3d 982, where the court in dismissing the appeal because of the failure to comply with section 1237.5 frankly stated that its "refusal to discuss the merits of defendant's appeal may precipitate a collateral attack on his conviction and further expenditure of this court's resources to consider his application for a writ." (174 Cal.App.3d at pp. 988-989.)

The acknowledgements in these cases only highlight that dismissal of appeals because of the absence of the section 1237.5 certificate/statement is

required only where the record itself fails to reflect whether counsel was ineffective in failing to obtain or file it. ■ Here the failure to file the statement following Ivester's guilty plea where the record before us shows he wants to argue the issues contained in his brief establishes counsel's deficient performance. Accordingly, absent a need for an evidentiary hearing, it becomes our responsibility consistent with Ivester's constitutional rights to determine whether that failure was prejudicial. We can make that determination only by reviewing Ivester's appellate contentions.

IVESTER WAS NOT PREJUDICED

I

■ Ivester first says the court failed to determine the factual basis for his guilty plea under section 1192.5. At the time his plea was entered the following colloquy occurred between the court and Ivester and his wife, a codefendant.

"The Court: Tell me, Miss Fox, what did you do that makes you think you are guilty of these offenses?

"Fox: I let something happen at my house while I was present.

"The Court: What did you let happen?

"Fox: Processes of a lab.

"The Court: A methamphetamine lab?

"Fox: Yes.

"The Court: Did you know methamphetamine was being processed in your residence?

"[Fox]: Yes."

"The Court: Mr. Ivester, tell me in your words what you did to violate the law.

"Ivester: *Well, I had a methamphetamine lab going in the residence.*

"The Court: And were children residing in that house?

"Ivester: Yes.

"The Court: And did you know that there was a substantial risk that the methamphetamine lab could blow up, and that the children were placed in jeopardy or danger to them?

"Ivester: No.

"The Court: You didn't know that it would blow up? What were you using to cook the methamphetamine with?

"Ivester: I knew the children were in danger from the drug.

"The Court: There is also the possibility of blowing up, isn't there?

"Ivester: I wouldn't know." (Italics added.)

The evidence contained in the preliminary hearing transcript clearly established that methamphetamine was being manufactured in Ivester's residence. The only question was whether Ivester was merely allowing the manufacturing to occur in violation of Health and Safety Code section 11366.5 or whether he was doing the manufacturing himself. We conclude the record establishes the latter fact.

Ivester did not qualify his response to the court saying that he was merely a landlord or a helpful tenant. He had ample opportunity to do so or file a declaration at a later time clarifying what he describes as the ambiguity in his earlier response. If he had not been engaged in the process of manufacturing it would have been easy enough for him to say so either at the trial court or in a declaration accompanying his petition for habeas corpus. In these circumstances we interpret his statement "I had a methamphetamine lab going in the residence" as a sufficient factual basis for his plea.

## II

■ Ivester also claims he did not understand the nature of the offense to which he was pleading. In asking us to accept his argument, he furnishes nothing other than his assertion to this effect and the inference we are asked to draw from his statement to the court that he did not know that manufacturing methamphetamine created a substantial risk of an explosion. This record is insufficient to support his claim on appeal. If Ivester had a legitimate basis for setting aside his plea because he did not understand the

elements of the offense, he should have filed a declaration to that effect in a writ petition attacking his counsel's competence.[9]

## III

■ Ivester also argues the court prejudicially erred in failing to advise him of all the penal consequences of his guilty plea, i.e., failing to tell him the possibility of the restitution fine required by Government Code section 13967. (See *People v. Oberreuter* (1988) 204 Cal.App.3d 884, 888 [251 Cal.Rptr. 522].) Ivester concedes however the court told him he could be required to pay a restitution fine but that the court's failure to tell him the range of that fine was nonetheless prejudicial error.

Even if we assume the court erred, the error was not prejudicial. Ivester must have known he might be ordered to pay a restitution fine in light of his defense counsel's memorandum filed with the court recommending Ivester pay a restitution fine of $100 under Government Code section 13967. Again, absent anything to the contrary his counsel would not have recommended the payment of a restitution fine if Ivester were unaware he would be obligated to pay it.

Because Ivester's appellate arguments would not have resulted in a reversal of his conviction we conclude that his counsel's failure to file the statement required by section 1237.5 was not prejudicial. We therefore dismiss his appeal.

### THE HABEAS CORPUS PETITION

■ In his petition seeking extraordinary relief Ivester argues his guilty plea was induced by a misrepresentation that in his appeal, the appellate court would review the denial of his motion to disclose the informant's identity. Ivester now understands the denial of a motion to disclose the informant's identity is not reviewable in an appeal following a guilty plea. (See *People v. Coleman* (1977) 72 Cal.App.3d 287, 293 [139 Cal.Rptr. 908].)

Ivester's declaration in support of his petition states his belief that appellate review of the court's denial of the motion to discover the identity of the

[9]Although his declaration accompanying the writ petition (see this page and p. 341, *post*) discusses the incorrect information furnished to him by his lawyer, he does not tell us what his counsel said to him, if anything, about the elements of the charged offense to which he pled guilty. We must infer from his silence that he was fully advised by his lawyer on the elements of the offense and that he fully understood the nature of the charges to which he was pleading.

confidential informant "was a factor in [his] agreement to plead guilty in this action." Significantly, although he describes the incorrect advice as a "factor" he does not state that such advice *induced him* to enter his plea. (See *People* v. *DeVaughn* (1977) 18 Cal.3d 889, 896 [135 Cal.Rptr. 786, 558 P.2d 872].)

In real world terms defendants invariably consider a number of factors before entering into a plea bargain. These considerations will necessarily vary depending upon the defendant and the circumstances of the crime. Sometimes a defendant recognizing the strong prosecution case will prefer to plead guilty to one or more of the charged offenses receiving only an agreed upon sentence. In other cases where the defendant has a better chance of prevailing at trial the guilty plea may result in enhanced benefits including a guilty plea to a lesser offense in exchange for a dismissal of the remaining counts.

Here, Ivester's declaration fails to give any material weight to the alleged erroneous advice he received. Absent his view on this subject we must presume the factor of appellate review had no particular significance to him and was comparable to the weight he gave each of the several other factors which he undoubtedly considered before entering his plea. In such circumstances we conclude that in spite of the erroneous advice he would have pled guilty to obtain the benefits of his plea bargain. We therefore deny his petition.

## DISPOSITION

Judgment affirmed. The petition for writ of habeas corpus is denied.

Work, J., concurred. Benke, J., concurred in the result.