Filed 8/4/14  P. v. Contreras CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049355 |
| v. | (Super. Ct. No. 13WF2804) |
| DEWAYNE LEE CONTRERAS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, William D. Claster, Judge.  Affirmed.

Loleena H. Ansari for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

Defendant Dewayne Lee Contreras pleaded guilty to one count of second degree commercial burglary (Pen. Code, §§ 459, 460, subd. (b)) and had served two prior prison terms (Pen. Code, § 667.5, subd. (b)). In his guilty plea, defendant handwrote the statement that he "willfully and unlawfully enter[ed] . . . a commercial building, with the intent to commit larceny and to deprive the owner of their property permanently." At the plea hearing, the trial court asked if that was true and correct, and defendant said it was. In accordance with the plea agreement, the court struck defendant's prison priors for sentencing purposes, imposed a five-year suspended sentence and placed defendant on three years formal probation on the condition that he first serve 180 days in local custody.

Defendant timely appealed, and we appointed counsel to represent him. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) counsel mentions the following possible, but not arguable, issues: (1) whether defendant's plea was constitutionally valid; (2) whether the court complied with its duty to establish a sufficient factual basis for the plea (Pen. Code, § 1192.5); and (3) whether defendant was sentenced in accordance with the plea agreement.

Following the *Wende* guidelines, we have reviewed counsel's brief and the entire appellate record and discern no arguable issue. (*People v. Marlow* (2004) 34 Cal.4th 131, 147 [Constitutional validity of plea reviewed under the totality of the circumstances]; *People v. Ivester* (1991) 235 Cal.App.3d 328, 339 [the defendant's statement "'I had a methamphetamine lab going in the residence'" was sufficient factual basis for plea].)

We notified defendant that he could file written argument on his own behalf, but the period to do so has passed and we have received no communication from

2

him.  We have reviewed the record and found no arguable issue.  The judgment is affirmed.

RYLAARSDAM, J.

WE CONCUR:

O'LEARY, P. J.

BEDSWORTH, J.