Filed 4/20/22  P. v. Walters CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B315486 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA116632) |
| v. | |
| DAMIAN DENNIS WALTERS, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Damian Dennis Walters (defendant) appeals his judgment of conviction entered upon a plea of no contest.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues. On January 25, 2022, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record, and finding no arguable issues, we affirm the judgment.

In March 2021, defendant was charged in a complaint with four counts of use of tear gas on a person in violation of Penal Code section 22810, subdivision (g)(1),[1] a felony (counts 1, 3, 6 & 9). Count 5 of the complaint charged stalking in violation of section 646.9, subdivision (a), a felony, alleging that between August 1, 2020, and January 7, 2021, defendant willfully, maliciously, and repeatedly followed and harassed Kathryn E. and intentionally made a credible threat that placed her in reasonable fear for her safety and the safety of her immediate family. Defendant was also charged with three counts of cruelty to an animal, each count involving a different dog, one of them Kathryn E.'s dog, in violation section 597, subdivision (a), a misdemeanor (counts 2, 4 & 7); and two counts of attempted cruelty to an animal, each count involving a different dog, in violation sections 664 and 597, subdivision (a), a misdemeanor (counts 8 & 10).

On July 7, 2021, at the time scheduled for the preliminary hearing, defendant entered into a plea agreement in which he agreed to plead guilty or no contest to counts 2 and 5, in exchange for the dismissal of the remaining counts. Pursuant to the agreement, imposition of sentence would be suspended, defendant would receive credit for time served, he would be placed on felony probation for two years and misdemeanor probation for one year, and he would submit to a 10-year protective order regarding Kathryn E. Conditions of probation also included completion of 24 classes regarding animal cruelty; 26 Alcoholics Anonymous classes; and restrictions on possessing

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

2

weapons, including pepper spray.  Defendant was informed of his rights and the consequences of his plea.  He then entered a plea of no contest to counts 2 and 5, and the trial court sentenced him as agreed.

Defendant filed a timely notice of appeal claiming that the appeal challenges the validity of the plea.  He had requested a certificate of probable cause, which the trial court denied.  Upon receipt of defendant's notice of appeal, this court entered an order limiting the appeal to issues that do not require a certificate of probable cause.[2]

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that no arguable issue exists.  We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

_____

LUI, P. J.                      CHAVEZ, J.                      HOFFSTADT, J.

_____

[2]      Prior to the appointment of counsel, defendant filed a motion in this court to withdraw his plea.  Such a motion must be made in the trial court.  (See § 1018.)

The denial of a certificate of probable cause cannot be circumvented by "strategic maneuverings."  (*People v. Manriquez* (1993) 18 Cal.App.4th 1167, 1170.)

3