Filed 11/30/23  P. v. Keener CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>VON ERIC KEENER,<br><br>Defendant and Appellant. | A167069<br><br>(Humboldt County Super. Ct. No.  CR2100871) |

Von Eric Keener appeals his conviction and sentence after entering a guilty plea to one count of failure to register as a transient sex offender (Penal Code[1] section 290.011, subdivision (a)), which was charged as a felony pursuant to section 290.018, subdivision (b).[2]  Pursuant to the terms of his plea agreement, Keener was sentenced to 8 months on that count,

---

[1] All undesignated statutory references are to the Penal Code.

[2] Section 290.018, subdivision (b), provides in relevant part that a person who is required to register as a sex offender "who has a prior conviction or juvenile adjudication for the offense of failing to register under the act and who subsequently and willfully violates any requirement of the act is guilty of a felony and shall be punished by imprisonment in the state prison for 16 months, or two or three years."  (§ 290.018, subd. (b).)

representing one-third the mid-term, to run consecutive to a three-year term on another pending felony case.

Keener requested a certificate of probable cause pursuant to section 1237.5, asserting that he was allowed to plead to a "legally impossible crime" because the conviction for which he was required to register as a sex offender was a misdemeanor sexual battery, meaning that he should have been convicted only as a misdemeanant, not as a felon, for willful failure to register under section 290.011. The court denied his request for a certificate of probable cause, and Keener did not seek writ review of that decision. (*In re Brown* (1973) 9 Cal.3d 679, 683 ["Where a certificate of probable cause has been denied on the merits the remedy is to seek review of the propriety of the denial."].)

Keener's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) summarizing the facts and asking this court to independently review the record to identify any issues warranting relief. Along with the brief, counsel submitted a declaration stating that she had advised Keener of his right to file a supplemental brief; Keener has not done so.

Finding no arguable non-certificate issues, we will affirm.

## DISCUSSION

In entering his guilty plea to count one of the amended information, charging him with a felony violation of section 290.011, subdivision (a), Keener stipulated that the preliminary hearing established a factual basis for his plea. The preliminary hearing established that he was required to register as a

transient sex offender based on a prior conviction for section 261.5, subdivision (d) (unlawful sexual intercourse with a minor under age 16 by an adult over 21), and that he failed to do so. Keener was properly advised before entering his guilty plea, and he was sentenced pursuant to the terms of his agreement.

Having reviewed the record pursuant to *People v. Wende, supra*, 25 Cal.3d 436, we find no issues requiring further briefing.

### DISPOSITION

The judgment is affirmed.

BROWN, P. J.

WE CONCUR:

GOLDMAN, J.
HIRAMOTO, J.*

*People v. Keener* (A167069)

---

* Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3