55 Cal.Rptr.3d 683 (2007)
148 Cal.App.4th 353
The PEOPLE, Plaintiff and Respondent,
v.
Gabriel PEREZ, Defendant and Appellant.
No. C051800.
Court of Appeal of California, Third District.
March 7, 2007.
As Modified March 8, 2007.
*685 Patricia L. Watkins, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Senior Assistant Attorney General, J. Robert Jibson and Jesse Witt, Deputy Attorneys General, for Plaintiff and Respondent.
*684 SCOTLAND, P.J.
This case demonstrates why it is important for the Judicial Council of California to be careful and to pay attention to detail when it promulgates or amends rules of court. In amending a rule regarding the filing in the trial court of a statement of reasonable grounds for appeal following a plea of guilty or nolo contendere in a criminal case, the Judicial Council deleted the rule's express time limit for compliance. Apparently it believed that continuing to include the deadline in the amended rule was unnecessary because other rules, although not directly on point, can be interpreted to compel compliance with the time limit. Unfortunately, the deletion, which itself was unnecessary, created an ambiguity that we now must sort out.
Penal Code section 1237.5, subdivision (a) provides that when a defendant in a criminal proceeding pleads guilty or nolo contendere and then chooses to appeal, the defendant must in some instances file in the superior court a written statement under penalty of perjury "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings." We will refer to this statement as a statement of reasonable grounds for appeal. (Further section references are to the Penal Code.)
For years, former rule 31(d) of the California Rules of Court required such a defendant to file the written statement of reasonable grounds for appeal `'within 60 days after the judgment is rendered." As we will explain, by amending this rule to, among other things, delete its express time limit for compliance, the Judicial Council did not intend to abrogate the 60-day deadline, a requirement that remains elsewhere in the rules of court.
Nevertheless, for reasons that follow, we conclude that a Court of Appeal may grant a motion for the "constructive filing'' in the superior court of a late statement of reasonable grounds for appeal, provided the defendant makes a sufficient showing for that relief under In re Benoit (1973) 10 Cal.3d 72, 109 Cal.Rptr. 785, 514 P.2d 97. In this case, Gabriel Perez (defendant) has filed such a motion. However, because his proposed statement of reasonable grounds for appeal is designed to raise an issue that is "`clearly frivolous,'" we will deny the motion (see In re Brown (1973) 9 Cal.3d 679, 683, fn. 5, 108 Cal.Rptr. 801, 511 P.2d 1153), thereby precluding him from raising the issue on appeal.
We also reject defendant's claim that the trial court violated his right to have a jury determine that facts upon which the court relied to impose the upper term for his crime. The contention fails because the court cited defendant's many serious prior convictions as a basis, standing alone, for *686 the upper term. The United States Supreme Court has emphasized that this aggravating factor need not be submitted to a jury before a trial court can use it to impose a greater term. Because one valid aggravating factor was sufficient to expose defendant to the upper term, the court's reliance on other factors was harmless. Thus, we shall affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND
Defendant was charged with inflicting corporal injury on the mother of his child, resulting in a traumatic condition, and with various enhancements and prior felony conviction allegations.
At trial, after the first day of the jury selection process, defense counsel reported that defendant said he was having visual hallucinations  he was "seeing aliens." Defendant explained, "I'm seeing like they have four eyes. They would have another face on the side of their face like here." The following morning, defense counsel informed the trial court that although she was having no difficulty communicating with defendant, she believed that because he had reported seeing aliens, it was counsel's duty to ask the court to declare a doubt regarding defendant's mental competence to stand trial on the criminal charges.
The trial court questioned defendant extensively about his ability to understand the nature of the proceedings and to assist defense counsel. Defendant said he was "doing okay," explaining he believed the hallucinations he experienced the day before were due to the stress of the proceedings. In response to questioning, he said he knew they had been picking a jury and he had understood the answers given by the prospective jurors. He accurately described the charges against him and said he was able to talk with his attorney, and he accurately described the roles of his counsel, the prosecutor, the jury, and the trial judge.
Stating it had no doubt that defendant was mentally competent to stand trial, the court declined to order a competency hearing. It emphasized that defendant understood the nature and purpose of the proceedings, his status in relation to the proceedings, and the roles of the participants in the trial proceedings, and that he was able to assist his counsel in conducting a defense. It based its decision not only on defendant's responses to the court's questions, but also on the court's observations of defendant's conversations with his attorney and with escort officers during breaks.
That same day, after the jury was selected but prior to the examination of witnesses, defense counsel and the prosecutor told the court that they had reached a plea agreement as to some of the charges. Defendant then pled no contest to inflicting corporal injury on the mother of his child, resulting in a traumatic condition (§ 273.5, subd. (a)), and admitted personally inflicting great bodily injury under circumstances involving domestic violence (§ 12022.7, subd. (e)). He also admitted having a prior conviction within the meaning of section 273.5, subdivision (e)(1). During the colloquy regarding the plea, defense counsel stated: "I concur that [defendant] is currently competent to enter the plea."
Thereafter, the jury found that defendant was convicted of a serious felony in 1998 within the meaning of the "three strikes law" and the five-year enhancement statute (§ 667, subds.(a)-(i)) and that he had served a prison term for another conviction in 1993, thus exposing him to a one-year enhancement (§ 667.5, subd (b)).
*687 He was sentenced to an aggregate term of 20 years in prison (including the upper term of five years for the corporal injury conviction, doubled to 10 years due to his prior serious felony conviction).
At the conclusion of sentencing, the trial court informed defendant that defense counsel could advise him whether he had arguably meritorious grounds for an appeal. Thereafter, defense counsel filed a timely notice of appeal from the judgment, stating defendant appeals from "1. Judicial error in denying Perez's motion for the jury to determine if a prior is a strike. [¶] 2. The court erred in going forth with the proceedings after defense counsel declared a doubt as to Mr. Perez's mental competency. [¶] 3. And any other grounds the appellate attorney may find."
Defense counsel did not file a statement of reasonable grounds for appeal. (§ 1237.5.)
Defendant's appellate attorney filed an opening brief raising one contention, that the trial court violated defendant's right to have a jury determine the facts upon which the court relied to impose the upper term in state prison. Counsel also sought leave to file in the superior court an amended notice of appeal including a statement of reasonable grounds for appeal to claim that the trial court erred in "denying [defendant's] request for a hearing to determine whether he was competent to stand trial."

DISCUSSION

I
In seeking permission for a late filing in the superior court of a statement of reasonable grounds for appeal, defendant argues that amendments to the California Rules of Court appear to have deleted the 60-day time deadline to file such a statement after judgment is rendered. Therefore, he contends, he is not actually in default "and technically should not need to request leave of this court to file an amended notice of appeal and request for a certificate in the superior court." Anticipating we might rule otherwise, defendant also argues that because his trial counsel was ineffective for failing to file a statement of reasonable grounds for appeal, we should construe his late statement as being timely.

A
Section 1237.5 prohibits a defendant from taking an appeal from a judgment of conviction upon a plea of guilty or nolo contendere, except in the following situation: "(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings," and "(b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."
Despite "the broad language of section 1237.5, it is settled that two types of issues may be raised in a guilty or nolo contendere plea appeal without issuance of a certificate [of probable cause by the trial court]: (1) search and seizure issues for which an appeal is provided under section 1538.5, subdivision (m); and (2) issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed. [Citations.]" (People v. Panizzon (1996) 13 Cal.4th 68, 74-75, 51 Cal.Rptr.2d 851, 913 P.2d 1061.)
Section 1237.5 does not impose a time limit for such a defendant to file a statement of reasonable grounds for appeal.
However, former rule 31(d) of the California Rules of Court required the statement *688 to be filed "within 60 days after the judgment is rendered." (Further rule references are to the California Rules of Court.) Construing former rule 31(d), the Supreme Court explained "that the defendant may not take or prosecute an appeal unless he has filed the statement of certificate grounds as an intended notice of appeal within 60 days after rendition of judgment, and has obtained a certificate of probable cause for the appeal within. 20 days after filing of the statement and, hence, within a maximum of 80 days after rendition of judgment." (People v. Mendez (1999) 19 Cal.4th 1084, 1095, 81 Cal. Rptr.2d 301, 969 F.2d 146.) The Supreme Court concluded that section 1237.5 and former rule 31(d) "should be applied in a strict manner." (Id. at p. 1098, 81 Cal! Rptr.2d 301, 969 P.2d 146.)
The Judicial Council later repealed former rule 31(d) and moved its provisions, as amended, to. former rule 30(b), effective January 1, 2004. (Advisory Com. com., 23 Pt. 1 West's Ann.Codes, Rules (2005 ed.) foll, rule 30, pp. 500-501.) Former rule 30(b) has since been renumbered as rule 8.304(b). It states
"(1) Except as provided in (4), to appeal from a superior court judgment after a plea of guilty or nolo contendere or after an admission of probation violation, the defendant must file in that superior court  in addition to the notice of appeal required by (a)  the statement required by Penal Code section 1237,5 for issuance of a certificate of probable cause.
"(2) Within 20 days after the defendant files a statement under (1), the superior court must sign and file either a certificate of probable cause or an order denying the certificate.
"(3) If the defendant does not file the statement required by (1) or if the superior court denies a certificate of probable cause, the superior court clerk must mark the notice of appeal `Inoperative,' notify the defendant, and send a copy of the marked notice of appeal to the district appellate project.
"(4) The defendant need not comply with (1) if the notice of appeal states that the appeal is based on: [H] (A) The denial of a motion to suppress evidence under Penal Code section 1538.5; or [IT] (B) Grounds that arose after entry of the plea and do not affect the plea's validity.
"(5) If the defendant's notice of appeal contains a statement under (4), the reviewing court will not consider any issue affecting the validity of the plea unless the defendant also complies with (1)."
The rule does not retain former rule 31(d)'s express 60-day time limit for filing a statement of reasonable grounds for appeal.

B
Defendant contends that by deleting the 60-day deadline from former rule 31(d) when moving its language to former rule 30(b), the Judicial Council abrogated the time limit for filing a statement of reasonable grounds for appeal. We disagree.
"`The usual rules of statutory construction are applicable to the interpretation of the California Rules of Court.' [Citation.] Our objective is to determine the drafters' intent using the words of the rule as our starting point. [Citation.] If the language of the rule is clear and unambiguous, it is unnecessary to probe the rule's drafting history in order to ascertain its meaning. [Citation.] . . . *We accord a challenged rule a reasonable and commonsense interpretation consistent with its apparent purpose, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity.' [Citation.]" (Crespin v. *689 Shewry (2004) 125 Cal.App.4th 259, 265,22 Cal.Rptr.3d 696.) "If possible, we attribute significance to every word, phrase, sentence and part of a rule in pursuit of its underlying purpose, as its various parts must be harmonized by considering them in the context of the rule framework as a whole." (Lammers v. Superior Court (2000) 83 Cal.App.4th 1309, 1321, 100 Cal. Rptr.2d 455.)
When the current rule is viewed in the context of related rules, it appears to be ambiguous as to whether there is a time limit for filing a statement of reasonable grounds for appeal. Although rule 8.304(b), formerly rule 30(b), imposes no express time limit, it does require that the statement of reasonable grounds for appeal be filed "in addition to the notice of appeal." (Rule 8.304(b)(1).) Under rule 8.308(a), formerly rule 30.1(a), the notice of appeal "must be filed within 60 days after the rendition of the judgment or the making of the order being appealed." Rule 8.60(d), formerly rule 45(e), precludes a reviewing court from granting relief from "the failure to file a timely notice of appeal or a timely statement of reasonable grounds in support of a certificate of probable cause."
Given the ambiguity between the deadline indicated in rules 8.60(d), 8.304(b)(1), and 8.308(a), and the lack of a deadline in rule 8.304(b), we proceed to discern the intent of the drafters of the rules.
For several reasons, we conclude that although the drafters of former rule 30(b), now rule 8.304(b), did not incorporate into the revised rule the express 60-day deadline of former rule 31(d), they nevertheless intended to preserve the 60-day time limit for filing a statement of reasonable grounds for appeal.
First, construing the California Rules of Court as including a 60-day deadline in which to file a statement of reasonable grounds for appeal best harmonizes the related provisions of the California Rules of Court which address criminal appeals. As we have pointed out, rule 8.308(a), formerly rule 30.1(a), requires a notice of appeal to be filed within 60 days after rendition of the judgment. And Rule 8.304(b), formerly rule 30(b), requires that a statement of reasonable grounds for appeal must be filed "in addition to" the notice of appeal. Significantly, Rule 8.60(d), formerly rule 45(e), precludes the reviewing court from granting relief from default for the failure to file "a timely statement of reasonable grounds in support of a certificate of probable cause."
By requiring the filing of a statement of reasonable grounds for appeal "in addition to" the notice of appeal, the drafters of the rules signaled their intent to preserve the requirement that the statement of reasonable grounds for appeal, like the notice of appeal, must be filed within 60 days of rendition of the judgment. The drafters made that intent even more evident when they amended former rule 45(e), now rule 8.60(d), to refer to the requirement of a "timely" statement of reasonable grounds for appeal. To construe the rules as not imposing a time limit for the filing of a statement of reasonable grounds for appeal would negate the word "timely" in rule 8.60(d).
Second, the drafters have told us of their intent to preserve the 60-day time limit in which to file a statement of reasonable grounds for appeal. Their Advisory Committee Comment to former rule 30.1, as amended on January 1, 2005, now rule 8.308, states: "Subdivisions (a), (b), and (c) of revised rule 30.1 are the first two paragraphs of former rule 31(a). Because revised rule 30(b)(1) requires a defendant wanting to appeal from a judgment after a plea of guilty or nolo contendere to file a notice of appeal as in any other criminal *690 case, the special provision of former rule 31(d) prescribing the time to appeal after such a plea is deleted as unnecessary. . . ." (Advisory Com. com., op. cit supra, foil, rule 30.1, p. 537.) Thus, the drafters deleted the 60-day time limit from revised rule 30(b)(1), now rule 8.304(b)(1), not because they intended to abrogate the deadline, but because they thought that continuing to include it in revised rule 30(b)(1) was unnecessary given its inclusion in former rule 30.1(a), now rule 8.308(a).
Third, construing the California Rules of Court as including a 60-day time limit in which to file a statement of reasonable grounds for appeal best fulfills the purpose of section 1237.5., "which is to promote judicial economy by screening out wholly frivolous guilty and nolo contendere plea appeals." (People v. Mendez, supra, 19 Cal.4th at p. 1103, 81 Cal.Rptr.2d 301, 969 P.2d 146.) "The effectiveness of this screening depends, of course, on whether wholly frivolous appeals, and only wholly frivolous appeals, are in fact barred. That depends, in turn, on whether the screening is done in a timely fashion. Screening is entrusted, at least in the first instance, to the superior court [citations], which is more likely to make a proper determination if it acts near rendition of judgment, and is less likely to do so if it does not. For the passage of time increases the risk of error, with the result that, as recollection fades, it might screen out an appeal that is not wholly frivolous, or fail to screen out one that is." (Ibid.; original italics.)
Defendant's assertion that the 2004 revisions to the California Rules of Court abrogated the 60-day time limit in which to file a statement of reasonable grounds for appeal leans heavily on the Advisory Committee Comment that a statement of reasonable grounds far appeal no longer can serve as a substitute for a notice of appeal; now, a defendant must file a notice of appeal in all cases, and may also file a statement of reasonable grounds for appeal when required. (Advisory Com. com., op. cit. supra, foil, rule 30, p. 500.) According to defendant, "It follows that the 60-day jurisdictional limit applies to the filing of a notice of appeal, not to a statement of reasonable grounds." However, the Advisory Committee Comment states that only two substantive changes were intended by the amendments to the language of the first paragraph of former rule 31(d)  to extend the rule to appeals after admission of a probation violation; and to require a notice of appeal in all cases. (Ibid) Notably, the Advisory Committee did not say that the revision to former rule 31(d) was intended to abrogate the 60-day time limit; instead, it said the deadline was deleted as being unnecessary in that rule, given its inclusion elsewhere in the rules of court.
Accordingly, we conclude that a statement of reasonable grounds for appeal, required by section 1237.5, subdivision (a) and by rule 8.304(b), must be filed within 60 days of the rendition of judgment.

II
Alternatively, defendant asks us to construe his proposed statement of reasonable grounds for appeal as timely pursuant to the "constructive filing doctrine" of In re Benoit, supra, 10 Cal.3d 72, 109 Cal. Rptr. 785, 514 P.2d 97 (hereafter Benoit) because his trial attorney was ineffective for failing to file such a statement.

A
In Benoit, the California Supreme Court held that where an incarcerated defendant's attorney agrees to file a notice of appeal on the defendant's behalf, but then neglects to do so in a timely fashion, the appellate court may construe a late notice *691 of appeal as having been timely filed if the defendant displayed diligence in attempting to have the attorney discharge the responsibility. (Benoit, supra, 10 Cal.3d at pp. 86-87, 89, 109 Cal.Rptr. 785, 514 P.2d 97; see also Hollister Convalescent Hosp, Inc. v. Rico (1975) 15 Cal.3d 660, 669, 125 Cal.Rptr. 757, 542 P.2d 1349.) The Supreme Court explained that "the principle of constructive filing . . . in our view embodies nothing more than a basis for judicial acceptance of an excuse for the appellant's delay in order to do justice." (Benoit, supra, 10 Cal.3d at p. 84, 109 Cal.Rptr. 785, 514 P.2d 97.)
Benoit extended the "constructive filing doctrine" from earlier decisions applying the doctrine "(1) only to incarcerated appellants and (2) in special circumstances where the delay in filing the notice of appeal (a) has resulted from conduct or representations of prison officials upon which the prisoner relied and (b) has not been due substantially to fault on the part of the prisoner." (Benoit, supra, 10 Cal.3d at p. 86, 109 Cal.Rptr. 785, 514 P.2d 97.) In extending the constructive filing doctrine from the prison cases, the Supreme Court emphasized the element of reliance: "[W]e can see some reason to excuse a prisoner unlearned in the law who has relied upon the assurance of his trial counsel that the notice of appeal will be timely filed by the latter since the prisoner would be more justified in relying on his counsel who had represented him and might have some continuous concern for him than upon a prison official who was not an attorney and had no familiarity with his case." (Ibid.)
More recently, the California Supreme Court revisited the doctrine of constructive filing in the context of a defendant's request for leave to file a late statement of reasonable grounds for appeal. (In re Chavez (2003) 30 Cal.4th 643, 134 Cal. Rptr.2d 54, 68 P.3d 347 (hereafter Chavez).) Esteban Chavez pled guilty to charges while represented by one trial attorney and then unsuccessfully moved to withdraw his guilty plea while represented by another attorney. Chavez did not ask either attorney to file a notice of appeal on his behalf. At the request of Chavez's family, a third attorney consulted with Chavez shortly after sentencing to determine whether to represent him on appeal; but that attorney did not agree to file any documents on Chavez's behalf and declined to represent him. (Id. at pp. 647-648, 134 Cal.Rptr.2d 54, 68 P.3d 347.) Chavez later filed a petition for writ of habeas corpus in the Court of Appeal, seeking relief under the Benoit constructive filing doctrine from his failure to file a timely statement of reasonable grounds for appeal. The Court of Appeal instead granted relief pursuant to former rule 45(e), now rule 8.60(d), but the Supreme Court reversed. (Id. at p. 648, 134 Cal.Rptr.2d 54, 68 P.3d 347.)
The Supreme Court first held that an appellate court lacked authority under former rule 45(e) to excuse a defendant's failure to obtain a certificate of probable cause (Chavez, supra, 30 Cal.4th at pp. 652-657, 134 Cal.Rptr.2d 54, 68 P.3d 347), a holding that was then incorporated into former rule 45(e), as amended effective January 1, 2005. (Advisory Com. com., 23 Pt. 2 West's Ann.Codes, Rules (2005 ed.) foll, rule 45, pp. 59-60.)
The Supreme Court then addressed Chavez's contention that his failure to file a timely statement of reasonable grounds for appeal could be saved under the doctrine of constructive filing. (Chavez, supra, 30 Cal.4th at p. 657, 134 Cal.Rptr.2d 54, 68 P.3d 347.) "In Benoit, we applied the doctrine of constructive filing based upon a promise or representation made by each defendant's attorney that he would *692 timely file a notice of appeal on his client's behalf. [Citation.] We relied in part upon the circumstance that the assurances had been made by the defendants' trial counsel, noting that `the prisoner would be more justified in relying on his counsel who had represented him and might have some continuous concern for him. . . .' [Citation.]" (Chavez, supra, 30 Cal.4th at p. 658,134 Cal.Rptr.2d 54, 68 P.3d 347.)
The court noted that, in contrast to the situation in Benoit, "in the present case defendant did not seek and did not receive any assurances from his original or substituted trial counsel that counsel would prepare or file a written statement of reasonable grounds for appeal." (Chavez, supra, 30 Cal.4th at p. 658, 134 Cal.Rptr.2d 54, 68 P.3d 347.) Rather, Chavez terminated representation by appointed counsel, after which a third attorney, contacted by Chavez's family, declined to represent Chavez. Therefore, the court concluded: "It is evident that none of the criteria for application of the principle of constructive filing are present in defendant's case, and accordingly his statement of reasonable grounds for appeal may not be deemed constructively filed pursuant to Benoit We expressly decline to extend the holding of that case to situations in which an attorney not only does not agree to prepare or file a statement of reasonable grounds for appeal, but also does not agree to represent the defendant." (Ibid,; see also People v. Aguilar (2003) 112 Cal.App.4th 111, 116, 4 Cal.Rptr.3d 802 [statements of reasonable grounds for appeal were not timely under the constructive filing doctrine because the defendants were not incarcerated, made no showing that their attorneys agreed to file such statements, and showed no diligence in seeking to ensure their attorneys carried out that responsibility].)
Because the criteria for application of the constructive filing, doctrine did not apply, the Supreme Court declined to "decide whether the Benoit doctrine is inapplicable in every case involving the timeliness of filing a statement of reasonable grounds for appeal." (In re Chavez, supra, 30 Cal.4th at p. 658, fn. 7,134 Cal.Rptr.2d 54, 68 P.3d 347.)
Whether the Benoit constructive filing doctrine extends to a statement of reasonable grounds for appeal is an issue that occurs regularly in this court. We see no principled basis to distinguish constructive filing of a statement of reasonable grounds for appeal from constructive filing of a notice of appeal. The trial attorney has the same duty to assist an incarcerated client in perfecting an appeal regardless of whether the defendant pled guilty or was convicted after a trial. And the incarcerated defendant's reliance on counsel's promise to assist in perfecting the appeal is the same whether the defendant pled guilty or was convicted after a trial.
The trial attorney's duty to assist in filing a notice of appeal upon the defendant's request is well-established. "[I]f a defendant requests an attorney to file a notice of appeal, the attorney must either file such notice or clearly and immediately inform the defendant that he will not file such notice and further inform defendant that he can himself file" the notice of appeal. (In re Benoit, supra, 10 Cal.3d at p. 88, 109 Cal.Rptr. 785, 514 P.2d 97.) Furthermore, "[i]t shall be the duty of every attorney representing an indigent defendant in any criminal . . . case to execute and file on his or her client's behalf a timely notice of appeal when the attorney is of the opinion that arguably meritorious grounds exist for a reversal or modification of the judgment or orders to be appealed from, and where, in the attorney's judgment, it is in the defendant's interest to pursue any relief that may be available to him or her on appeal; or when directed to *693 do so by a defendant having a right to appeal." (§ 1240.1, subd. (b).)
The law is equally well-established that the trial attorney has a duty to assist an indigent, incarcerated client in preparing a statement of reasonable grounds for appeal. In the case of an indigent criminal defendant, "it shall be the duty of the attorney who represented the person at trial to provide counsel and advice as to whether arguably meritorious grounds exist for reversal or modification of the judgment on appeal." (§ 1240.1, subd. (a).) Moreover, "[i]t is readily apparent that where a defendant has been convicted upon a plea of guilty, his right to appeal may be dependent on many technical requirements of which he may be unaware." (People v. Ribero (1971) 4 Cal.3d 55, 64, 92 Cal.Rptr. 692, 480 P.2d 308.) "The Legislature has conditioned the right to appeal from a plea of guilty upon the filing of the required statement. Advice or assistance of counsel in filing the notice of appeal is meaningless if counsel does not also advise or assist in preparation and filing of the required statement. It follows that counsel's obligation to assist in filing the notice of appeal necessarily encompasses assistance with the statement required by section 1237.5." (Id. at p. 66, 92 Cal.Rptr. 692, 480 P.2d 308.)
Thus, in the context of a guilty or nolo contendere plea, when a trial attorney agrees to file a notice of appeal for an indigent, incarcerated client, the attorney must also assist in preparing a statement of reasonable grounds for appeal if the defendant has asked for help with such a statement or if the attorney is aware of an arguable issue that is cognizable on appeal only with the trial court's issuance of a certificate of probable cause.
The principle of the Benoit constructive filing doctrine  embodying "a basis for judicial acceptance of an excuse for the appellant's delay in order to do justice" (Benoit, supra, 10 Cal.3d at p. 84, 109 Cal. Rptr. 785, 514 P.2d 97)  is served by extending the doctrine to a statement of reasonable grounds for appeal.
Accordingly, we conclude the Benoit doctrine of constructive filing applies when an incarcerated defendant relies on trial counsel's promise to file a statement of reasonable grounds for appeal or trial counsel's promise to perfect an issue for appeal which requires a certificate of probable cause, but counsel then neglects to assist the defendant in preparing and filing a statement of reasonable grounds for appeal. We further conclude the Benoit doctrine applies when an incarcerated defendant relies on trial counsel's promise to file a notice of appeal, and counsel identifies a cognizable issue in the notice of appeal that requires issuance of a certificate of probable cause, but neglects to assist the defendant in preparing and filing a statement of reasonable grounds for appeal. In the latter situation, the incarcerated defendant reasonably relies on trial counsel's promise to preserve the defendant's appeal, which necessarily includes counsel's obligation to preserve for appeal all arguable issues of which counsel is aware.
The Supreme Court's decision in Chavez is not inconsistent with this conclusion. Chavez did not ask his trial counsel for assistance in filing a notice of appeal or a statement of reasonable grounds for appeal; nor was he ever represented by the attorney who consulted with him regarding representation on appeal. Consequently, Chavez failed to show that he relied on counsel to preserve his right to appeal, which is a requirement of the Supreme Court's decision in Benoit. Moreover, the holding in Chavez does not limit the doctrine of constructive filing to cases in which a defendant expressly asks trial counsel to file a statement of reasonable *694 grounds for appeal; the decision merely concludes that the constructive filing criteria are absent when an attorney declines to represent a defendant and does not agree to prepare or file a statement of reasonable grounds for appeal.
Here, in contrast to the situation in Chavez, the record shows that defendant's trial counsel agreed to file a notice of appeal on his behalf. Thus;, the trial court told defendant that his attorney could advise him as to whether arguably meritorious grounds for an appeal existed. Soon thereafter, the attorney filed a notice of appeal on defendant's behalf.
When a constructive filing is requested, we ordinarily would require a defendant to substantiate, by declarations, the trial attorney's promises or representations and the defendant's reliance on them. Here, however, it is undisputed that defendant's trial attorney agreed to file the notice of appeal. Defendant also has shown that in the notice of appeal, his trial attorney identified an issue for which the issuance of a certificate of probable cause is required, i.e., proceeding to trial after defense counsel declared a doubt as to defendant's mental competence. (See, e.g., People v. Mendez, supra, 19 Cal.4th at p. 1100, 81 Cal.Rptr.2d 301, 969 T?2d 146.) Further, defendant has shown that after identifying such an issue, his trial attorney neglected to file, or to assist defendant in filing, a statement of reasonable grounds for appeal. In filing the notice of appeal, the trial attorney obviously believed that the issue she identified in the notice of appeal was an arguable issue; otherwise, she would not have identified it in the notice of appeal. The trial attorney should have known that this mental competence issue would be cognizable on appeal only if defendant filed a statement of reasonable grounds for appeal and the trial court then issued a certificate of probable cause.
Given that defendant evidently relied on his trial attorney to perfect his appeal, we conclude that defendant reasonably relied on his attorney to do so in the proper manner as to issues the attorney believed were arguable, i.e., by assisting defendant with preparation of a statement of reasonable grounds for appeal. We further conclude that, as a practical matter, defendant had no reason to know that the issue of mental competence, identified by his trial attorney in the notice of appeal, was not properly perfected for review on appeal. He diligently sought to perfect his appeal by having his attorney file a timely notice of appeal. Because he reasonably relied on his trial attorney to perfect all arguable issues on appeal, we conclude the Benoit constructive filing criteria have been met in this case.

B
Nevertheless, we will deny the motion for constructive filing for another reason.
When a defendant timely files a statement of reasonable grounds for appeal, the trial court is required to issue a certificate of probable cause if the defendant identifies a cognizable issue on appeal which is not "`clearly frivolous and vexatious.'" (In re Brown, supra, 9 Cal.3d at p. 683, fn. 5, 108 Cal.Rptr. 801, 511 P.2d 1153.)
Here, defendant seeks leave from this court to file a belated statement of reasonable grounds for appeal in the trial court which identifies as an appellate issue the trial court's "denying his request for a hearing to determine whether he was competent to stand trial." That proposed issue is clearly frivolous.
*695 A defendant is mentally incompetent if, as a result of mental disorder, "the defendant is unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner." (§ 1367, subd. (a).) The trial court must hold a hearing regarding the defendant's mental competence whenever there is substantial evidence of incompetence, considering all of the relevant circumstances. (People v. Howard (1992) 1 Cal.4th 1132, 1164, 5 Cal.Rptr.2d 268, 824 P.2d 1315.) However, the court is not required to conduct a hearing based solely on counsel's opinion that the defendant might be incompetent. (People v. Rodrigues (1994) 8 Cal.4th 1060, 1111-1112, 36 Cal.Rptr.2d 235, 885 P.2d 1.) Under the substantial evidence test, the defendant must show more than bizarre actions or statements by him, assertions by defense counsel that the defendant is incapable of cooperating in the defense, or psychiatric testimony that the defendant is immature, dangerous, psychopathic, or homicidal, without reference to the defendant's ability to assist in his defense. (People v. Laudermilk (1967) 67 Cal.2d 272, 285, 61 Cal. Rptr. 644, 431 P.2d 228.)
Here, the record is devoid of evidence that defendant was unable to understand the nature of the proceedings or to assist counsel in his defense. His trial attorney had no difficulty communicating with defendant. She declared a doubt as to defendant's competency only because she thought she had a duty to do so after defendant reported seeing aliens. The trial court conducted a full inquiry regarding defendant's competence and ascertained that defendant was able to communicate with his attorney, knew the nature of the charges, and understood the roles of the parties, the trial judge and the jury. Significantly, when defendant that same day pled no contest to some of the charges, his trial attorney affirmatively represented to the court, "I concur that he is currently competent to enter the plea."
The decision whether to issue a certificate of probable cause lies with the trial court in the first instance. (Rule 8.304(b)(2).) We do not suggest that an order of this court granting a motion for constructive filing of a statement of reasonable grounds for appeal necessarily establishes the defendant has identified a nonfrivolous and cognizable issue to be raised on appeal. However, because we are aware in this case that the sole issue identified in defendant's motion for constructive filing is clearly frivolous, it would be an idle act for us to grant the motion for constructive filing.

III
The trial court cited four aggravating factors justifying imposition of the upper term: defendant has prior adult criminal convictions that "are numerous and serious"; his prior performance on parole was unsatisfactory; the crime involved great violence and took place in front of the minor children of the victim and defendant; and defendant assaulted the victim on a prior occasion. The court emphasized that any one of those aggravating factors alone would warrant the upper term.
Defendant contends the trial court violated his Sixth Amendment right to have a jury determine the facts upon which the court relied to sentence him to the aggravated term, citing Blakely v. Washington (2004) 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. The contention fails for reasons that follow.
Applying the Sixth Amendment to the United States Constitution, the United States Supreme Court held in Apprendi v. New Jersey (2000) 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 that other than the fact of a prior conviction, any fact that *696 increases the penalty for a crime beyond the statutory maximum must be tried to a jury and proved beyond a reasonable doubt. (Id. at p. 490, 120 S.Ct. at p. 2362, 147 L.Ed.2d at p. 455.) For this purpose, the statutory maximum is the maximum sentence that a court could impose based solely on facts reflected by a jury's verdict or admitted by the defendant; thus, when a sentencing court's authority to impose an enhanced sentence depends, upon additional fact findings, there is a right to a jury trial and proof beyond a reasonable, doubt on the additional facts. (Blakely v. Washington, supra, 542; U.S. at pp. 302-304,124 S.Ct. at pp. 2536-2538, 159 L.Ed.2d at pp. 413-414.)
Accordingly, in Cunningham v. California (2007) ___ U.S. ___, 127 S.Ct. 856, 860, 166 L.Ed.2d 856, the United States Supreme Court held that by "assign[ing] to the trial judge, not to the jury, authority to find the facts that expose a defendant to an elevated `upper term' sentence," California's determinate sentencing law "violates a defendant's right to trial by jury safeguarded by the Sixth and Fourteenth Amendments." (Ibid., overruling on this point People v. Black (2005) 35 Cal.4th 1238, 29 Cal.Rptr.3d 740, 113 P.3d 534, vacated in Black v. California (Feb. 20, 2007) ___ U.S. ___, ___ S.Ct. ___, ___ L.Ed.2d ___, 2007 WL 505809.)
As we have pointed out, an exception to this rule is that the trial court may increase the penalty for a crime based upon the defendant's prior convictions, without having this aggravating factor submitted to the jury and proved beyond a reasonable doubt. (Apprendi v. New Jersey, supra, 530 U.S. at p. 490, 120 S.Ct. at p. 2362,147 L.Ed.2d at p. 455.) That is what occurred in this case. The court cited defendant's numerous prior criminal convictions as a basis for imposing the upper term and stated this factor alone justified the upper term. Consequently, the court's consideration of other aggravating factors that were not submitted to the jury was harmless because one valid aggravating factor is sufficient to expose defendant to the upper term. (People v. Cruz (1995) 38 Cal.App.4th 427, 433, 45 Cal.Rptr.2d 148.)

DISPOSITION
The judgment is affirmed.
We concur: SIMS and HULL, JJ.