57 Cal.Rptr.3d 483 (2007)
149 Cal.App.4th 969
The PEOPLE, Plaintiff and Respondent,
v.
William Adam BANKS, Defendant and Appellant.
No. G036873.
Court of Appeal of California, Fourth District, Division Three.
April 13, 2007.
*484 William Flenniken, Jr., San Francisco, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, Mary Jo Graves, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Rhonda Cartwright-Ladendoxf and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
RYLAARSDAM, Acting P.J.
Defendant William Adam Banks and two other men entered a sandwich shop displaying what appeared to be a gun. After taking money from the till, a tip jar, and one of the store's two employees, defendant and his confederates forced their victims into a refrigerator. Based on this evidence, a jury found defendant guilty of two counts of second degree robbery, one count of commercial burglary, and two counts of false imprisonment by violence.
The trial court sentenced defendant to six years in prison, consisting of the five-year upper term for the first robbery and a consecutive one-year term on the second. It stayed sentencing on the burglary count (Pen.Code, § 654) and imposed concurrent two-year terms on the false imprisonment with violence counts. In choosing the upper term on count 1, the court cited defendant's "leadership role" in the undertaking', which involved "some planning and sophistication," "a high degree of cruelty," and defendant's use of "at least [the] replica" of a gun. The court also noted his "well documented" "priors and the fact" he "ha[d] not been doing well on probation or parole."
Defendant's sole appellate claim is that the upper term sentence on count 1 violates his constitutional rights because it "relied on aggravating factors that were not proven to a jury beyond a reasonable doubt." Thus, he contends, we must reduce the sentence on count 1 "to [the] middle term...." We agree some of the sentencing factors cited by the trial court can no longer support imposing an upper term sentence unless the trier of fact finds them true by proof beyond a reasonable doubt. But we shall remand the matter to the trial court and allow it to decide whether, in the exercise of its discretion, defendant's prior criminal record alone supports imposing the upper term.

DISCUSSION
In Apprendi v. New Jersey (2000) 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d *485 435, the United States Supreme Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Id. at p. 490, 120 S.Ct. 2348.) "[T]he 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. [Citations.]" (Blakely v. Washington (2004) 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403.)
When defendant committed his offense the determinate sentencing law declared "the court shall order imposition of the middle term, unless" it finds by a preponderance of the evidence that "there are circumstances in aggravation or mitigation of the crime." (Former Pen.Code, § 1170, subd. (b); Cal. Rules of Court, rule 4.420(b).) Applying the principles announced in Apprendi and Blakely, Cunningham v. California (2007) 549 U.S. ___, 127 S.Ct. 856, 166 L.Ed.2d 856 held the imposition of an upper term under California's former law generally violated a defendant's constitutional rights. (Id. at p. ___, 127 S.Ct. 856, 860.)
Concerning the Apprendi rule, the jury did not return findings on any of the factors cited by the trial court to impose the upper term sentence on count 1. To the extent the court relied on defendant's participation in the planning and commission of the crimes, its sentencing decision violates Apprendi and Cunningham.
But the court also cited defendant's "well documented" prior convictions and his unsatisfactory performance on probation and parole to support its choice of the upper term. (Cal. Rules of Court, rule 4.421(b)(2) & (5).) Apprendi recognizes, "an exception to [the] rule is that the trial court may increase the penalty for a crime based upon the defendant's prior convictions, without having this aggravating factor submitted to the jury and proved beyond a reasonable doubt. [Citation.]" (People v. Perez (2007) 148 Cal.App.4th 353, 372, 55 Cal.Rptr.3d 683.)
The basis for Apprendi's prior conviction exception is the court's earlier decision in Almendarez-Torres v. United States (1998) 523 U.S. 224 [118 S.Ct. 1219, 140 L.Ed.2d 350]. Almendarez-Torres held a subsection of a federal statute that increased the punishment for a deported alien who unlawfully reentered the country where the alien had been convicted of an aggravated felony before deportation constituted a penalty provision that need not be alleged in the indictment. "[T]he relevant statutory subject matter is recidivism" (id. at p. 230, 118 S.Ct. 1219), which "involves one of the most frequently found factors that affects sentencing...." (Id. at p. 241, 118 S.Ct. 1219.) "[Recidivism ... is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence.... [T]o hold that the Constitution requires that recidivism be deemed an `element' of petitioner's offense would mark an abrupt departure from a longstanding tradition of treating recidivism as `go[ing] to the punishment only.' [Citation.]" (Id. at pp. 243-244, 118 S.Ct. 1219.)
Citing Almendarez-Torres's rationale, subsequent case authority, both in California and elsewhere, has held Apprendi's prior conviction exception "is not limited simply to the bare fact of a defendant's prior conviction" (People v. McGee (2006) 38 Cal.4th 682, 704, 42 Cal.Rptr.3d 899, 133 P.3d 1054), but applies to "matters involving the more broadly framed issue of 'recidivism.'" (People v. Thomas (2001) 91 Cal.App.4th 212, 221, 110 Cal.Rptr.2d 571 [Apprendi rule not violated by trial judge's true findings on prior prison term *486 allegations used to enhance the defendant's sentence]; see also People v. McGee, supra, 38 Cal.4th at pp. 701, 700-706, 42 Cal.Rptr.3d 899, 133 P.3d 1054 and cases cited therein [trial judge decides whether out-of-state conviction constitutes serious felony under California's recidivism laws].) In Perez,
 the Court of Appeal recently affirmed an upper term sentence where "[t]he [trial] court cited defendant's numerous prior criminal convictions as a basis for imposing the upper term and stated this factor alone justified the upper term," thereby rendering its "consideration of other aggravating factors that were not submitted to the jury ... harmless" error. (People v. Perez, supra, 148 Cal.App.4th at p. 372, 55 Cal.Rptr.3d 683.)
Acknowledging this fact, defendant contends Almendarez-Torres should not be followed. But Apprendi expressly declined to overrule Almendarez-Torres. (Apprendi v. New Jersey, supra, 530 U.S. at pp. 489-490, 120 S.Ct. 2348; see People v. McGee, supra, 38 Cal.4th at p. 699, 42 Cal.Rptr.3d 899, 133 P.3d 1054; People v. Thomas, supra, 91 Cal.App.4th at p. 220, 110 Cal.Rptr.2d 571.) Thus, consistent with Apprendi and Almendarez-Torres, we conclude a trial court may impose an upper term based on a defendant's prior convictions and other recidivist-related factors such as "`"the nature and circumstances of his [or her] criminal conduct"'" (People v. McGee, supra, 38 Cal.4th at p. 704, 42 Cal.Rptr.3d 899, 133 P.3d 1054) without submitting those factors to a jury to be found by proof beyond a reasonable doubt.
A trial court may impose an upper term sentence based on a single aggravating factor. (People v. Osband (1996) 13 Cal.4th 622, 728, 55 Cal.Rptr.2d 26, 919 P.2d 640.) But unlike Perez, the trial court in this case cited several additional factors to support its choice of the upper term on count 1, and also did not declare defendant's prior criminal record alone would support its decision. Since we are not convinced the trial court would have imposed the same sentence solely because of defendant's prior criminal history, we remand for resentencing.

DISPOSITION
The sentence is reversed and the matter remanded to the superior court with directions to conduct a new sentencing hearing consistent with the views expressed in this opinion. In all other respects, the judgment is affirmed.
WE CONCUR: ARONSON and IKOLA, JJ.