Filed 7/24/13  P. v. Sypho CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063235 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD240712) |
| KEVIN SYPHO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Charles R. Gill and Michael T. Smyth, Judges.  Affirmed.

Sarah Kleven McGann, by appointment of the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

Kevin Sypho pled guilty to burglary in violation of Penal Code Section 459 and admitted he was convicted in 1982 of robbery, a strike prior in violation of Penal Code Sections 211, 667(b) through (i), 1170.12 and 668.  The remaining charges and six prison priors were dismissed in return for a stipulated prison sentence of four years.  The court

sentenced appellant to four years in state prison, awarded 68 days of custody credits and imposed the requisite fees, fines and victim restitution.

## STATEMENT OF FACTS

Sometime between January 2 and 3, 2012, defendant burglarized a church, using a rock to gain entry into the administrative building.  Once inside, he damaged doors and windows, took property and ransacked the pastor's office.  Blood found on window blinds in the pastor's office matched appellant's DNA.  Upon arrest, appellant admitted to breaking into the church because he was "mad" at the congregation and the pastor and state he had stolen the items to sell for food and drugs.

## DISCUSSION

Appointed appellate counsel has filed a brief but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436.  Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel refers to as possible, but not arguable issues:  whether the trial court erred when it:  (1) failed to strike appellant's 1982 strike prior; (2) imposed a criminal justice administration fee and a Penal Code section 1202.5 fine without determining appellant's ability to pay; and (3) allowed the prosecution to amend the information, over his objection, to add a grand theft charge (Pen. Code § 487,

2

subd. (a)).[1]

We granted Sypho permission to file a brief on his own behalf. He has not responded.

A review of the record pursuant to *People v. Wende, supra*, 25 Cal.3d 436 and *Anders v. California, supra*, 386 U.S. 738, including the possible issues referred to by appellate counsel, has disclosed no reasonably arguable appellate issue. Competent counsel has represented Sypho on appeal.

## DISPOSITION

The judgment is affirmed.

HALLER, J.

WE CONCUR:

BENKE, Acting P. J.

NARES, J.

---

[1] Because the trial court denied Sypho's request for a certificate of probable cause, the issues set forth by appellant counsel are not even "possible issues" in light of the procedural posture of the case. (Pen. Code, § 1237.5; *People v. Manriquez* (1993) 18 Cal.App.4th 1167, 1170.)