Filed 4/28/16  P. v. Wofford CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ADONIS L. WOFFORD,<br><br>    Defendant and Appellant. | D068736<br><br><br>(Super. Ct. No. SCD260540) |

APPEAL from a judgment of the Superior Court of San Diego County, Michael S. Groch, Judge.  Affirmed.

Patrick Dudley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

As part of a plea agreement, Adonis L. Wofford entered a guilty plea to one count of driving under the influence causing injury (Veh. Code, § 23153), and admitted one strike prior conviction (Pen. Code, §§ 667, subds. (b)-(i)), 1170.12); a prior driving under the influence conviction within 10 years (Veh. Code, § 23560); and personally inflicting

great bodily injury (Pen. Code, § 12022.7, subd. (a)).[1] The plea agreement included a stipulated prison sentence of five years eight months. The remaining count and enhancements were dismissed.

## STATEMENT OF FACTS AND PROCEDURE[2]

On June 5, 2014, defendant was driving erratically southbound on Hal Street in San Diego County. He crossed into the northbound lane and collided head on with a car driven by Salvador Torres. The impact caused Torres's vehicle to collide with another car. Defendant then collided with a parked car. A child passenger in the Torres vehicle suffered a deep laceration to his ear, tearing it nearly in half, and requiring several stitches to repair it.

At the sentencing hearing following defendant's guilty plea, his counsel informed the court appellant wanted to withdraw his guilty plea as he was dissatisfied with counsel's representation. The court conducted a *Marsden*[3] hearing. After questioning both defendant and his counsel, the court made a finding counsel's representation was "exemplary" and that appellant had failed to show his constitutional rights to effective assistance of counsel had been substantially impaired. Having made this finding and applying *People v. Smith* (1993) 6 Cal 4th 684, the court denied defendant's request for substitute counsel.

---

[1]     All subsequent statutory references are to the Penal Code.

[2]     Because there was no preliminary hearing the facts are derived from the probation report.

[3]     *People v. Marsden* (1970) 2 Cal.3d 18.

Following denial of the *Marsden* motion, the court found no legal cause to postpone sentencing and imposed the stipulated sentence. The court later denied defendant's request for a certificate of probable cause.

## DISCUSSION[4]

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) indicating he is unable to identify any argument for reversal but asks this court to review the record for error as mandated by *Wende, supra*, 25 Cal.3d 436. Pursuant to *Anders, supra*, 386 U.S. 738, the brief identifies possible, but not arguable issues whether (1) the trial court abused its discretion or improperly denied the *Marsden* motion; (2) whether the trial court erred when it decided not to allow defendant to move to withdraw his guilty plea; and (3) whether defendant's guilty plea was entered knowingly, voluntarily and intelligently. We offered Wofford the opportunity to file his own brief on appeal, but he has failed to respond.

We have reviewed the entire record in accordance with *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738 and have not found any reasonably arguable appellate issues. Competent counsel has represented Wofford on appeal.

---

[4]    Because the court denied appellant's request for a certificate of probable cause, appellant is precluded from challenging the validity of the plea or the facts underlying the charges. (§ 1237.5; *People v. Manriquez* (1993) 18 Cal.App.4th 1167, 1170.)

DISPOSITION

The judgment is affirmed.

HALLER, Acting P. J.

WE CONCUR:

McDONALD, J.

IRION, J.